■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE KING, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 31, 1968, convicting him of attempted violation of subdivision 3 of section 1751 of the Penal Law, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, and case remitted to the trial court for the purpose of holding a hearing on defendant's motion to withdraw his plea of guilty and making a determination *de novo* and for further proceedings not inconsistent herewith. The findings of fact below have not been considered. Under the circumstances disclosed in this record we feel constrained to reverse because defendant was in effect deprived of the effective assistance of counsel when his retained attorney took a position adverse to him. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK NOSTRO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated June 12, 1967, which denied relief to him. Order reversed, on the law, and the proceeding remitted to the Criminal Term for the purpose of holding a hearing limited to the question of whether defendant's failure to serve and file a timely notice of appeal from the judgment of conviction rendered December 15, 1960 was attributable to the failure of his retained counsel to advise him of his right to appeal. No questions of fact have been considered. Reversal and remission, as herein directed, are required by *People* v. *Montgomery* (24 N Y 2d 130) and *People* v. *Callaway* (24 N Y 2d 127), decided subsequent to the determination below. (See, also, *People* v. *Sullivan*, 32 A D 2d 514; *People* v. *Groff*, 32 A D 2d 592.) However, no hearing is required on defendant's charge that his guilty plea was coerced, since a similar contention, advanced on a prior *coram nobis* application, has been found to be without merit (*People* v. *Nostro*, 24 A D 2d 1008). We construe defendant's instant application as one for leave to renew, on additional papers, a *coram nobis* application which was denied by order dated February 10, 1967; and the order of June 12, 1967, denying that motion, is therefore appealable. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.